# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **VONEKA Q. NETTLES,** *et al.***,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 13-0605-WS-C** |
| | ) | |
| **DAPHNE UTILITIES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter comes before the Court on defendant's Motion to Sever or Separate for Trial (doc. 12), with accompanying memorandum of law. Plaintiffs have filed a short Response (doc. 16) confirming that they do not oppose defendant's request to sever their claims for trial.

Plaintiffs, Voneka Q. Nettles, Carlos Butler, and Cedric Goodloe, brought this action against defendant, Daphne Utilities, alleging employment discrimination on the basis of race and retaliation, in violation of Title VII and 42 U.S.C. § 1981. According to the Amended Complaint, plaintiff Nettles, who has worked for Daphne Utilities as an Accounting Technician since 2009, was denied a wage increase while white employees performing similar duties were paid more, and was denied consideration for a vacant position. (Doc. 6, ¶¶ 6-13.) Plaintiff Butler is alleged to have worked for Daphne Utilities for more than seven years as a Wastewater Field Services worker. (*Id.*, ¶ 14.) The Amended Complaint alleges that the Wastewater Field Services unit was divided into racially segregated departments, and that Butler received a negative performance evaluation and was denied a salary increase because of his race. (*Id.*, ¶¶ 14-29.) As for plaintiff Goodloe, he was employed by Daphne Utilities as a Payroll/Benefits Coordinator/Trainer until his discharge in March 2013. (*Id.*, ¶ 30.) Well-pleaded facts in the Amended Complaint reflect that Goodloe was paid less than similarly situated white employees and was fired for complaining of racially discriminatory practices at the company. (*Id.*, ¶¶ 30-48.) The Amended Complaint asserts Title VII and § 1981 claims for Nettles predicated on discriminatory pay and failure to transfer/promote (Counts I – IV), a § 1981 claim for Butler

based on his negative evaluation and denial of a raise (Count V), and § 1981 claims for Goodloe alleging denial of fair salary and retaliatory discharge (Counts VI – VII).

The claims of all three plaintiffs were presented jointly in a single Amended Complaint against Daphne Utilities. In its Motion to Sever or Separate for Trial, defendant requests that (i) the three plaintiffs' claims "be severed into three separate lawsuits pursuant to Fed.R.Civ.P. Rules 20 and 21," or (ii) alternatively, the three plaintiffs' claims "be severed for trial under Fed.R.Civ.P. Rule 42(b)." (Doc. 12, ¶¶ 2-3.) The distinction between these alternative pathways is not merely academic. After all, "[s]everance pursuant to Rule 21 essentially creates a separate case, the disposition of which is final and appealable. … Rule 42(b) does not create a new case, but bifurcates issues or claims within a single case for separate trials." *Graudins v. Retro Fitness, LLC*, 921 F. Supp.2d 456, 468 (E.D. Pa. 2013) (citations omitted).

"The determination of whether to grant a motion to sever is left to the discretion of the trial court." *Fisher v. Ciba Specialty Chemicals Corp.*, 245 F.R.D. 539, 541 (S.D. Ala. 2007); *see also Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1324, n.16 (11th Cir. 2000) ("The trial court likewise has discretion under Rule 20(b) to order separate trials to prevent delay or prejudice."); *Oram v. SoulCycle LLC*, --- F. Supp.2d ----, 2013 WL 5797346, *2 (S.D.N.Y. Oct. 28, 2013) ("The trial court has broad discretion in determining whether to sever claims under Fed.R.Civ.P. Rule 21."). "[T]he factors considered in exercising that discretion include whether the claims arise from the same transaction or occurrence, whether they present some common question of law or fact, whether severance would facilitate settlement or judicial economy, and the relative prejudice to each side if the motion is granted or denied." *Fisher*, 245 F.R.D. at 541 (citations omitted); *see also Graudins*, 921 F. Supp.2d at 468 (in evaluating motion to sever, courts weigh "convenience of the parties, avoiding prejudice, and promoting expedition and economy") (citation omitted). "In considering whether to order separate trials of any claims or issues, the paramount consideration must remain a fair and impartial trial to all litigants through a balance of benefits and prejudice." *Fisher*, 245 F.R.D. at 541-42 (citation and internal quotation marks omitted); *see also Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 522 (N.D. Ind. 2012) (in evaluating motion to sever, "a court should consider the convenience and fairness to parties," and its decision "should serve the ends of justice and facilitate the prompt and efficient disposition of the litigation") (citation omitted).

In seeking to sever each plaintiff's claims into a separate lawsuit, Daphne Utilities argues that the three plaintiffs have been misjoined under the Federal Rules of Civil Procedure. To be sure, the rules provide that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Rule 20(a)(1), Fed.R.Civ.P. But both subsections appear to be satisfied here. Plaintiffs all work or worked for the same employer, Daphne Utilities. They claim to have been subjected to racially discriminatory treatment with regard to compensation during the same period of time. The same management figures at Daphne Utilities were allegedly involved in the subject personnel decisions (doc. 16, at 1), and plaintiff Goodloe's complaints about the mistreatment of plaintiff Butler form part of the basis of his retaliation claim. (Doc. 6, ¶¶ 42-43.) Plaintiffs bring the same or very similar claims largely under the same statute arising from the same or similar conduct by the same corporate defendant at the same time. Accordingly, the Court finds that plaintiffs were not misjoined under Rule 20(a).[1] Defendant's Motion to Sever pursuant to Rule 21 is therefore **denied**.

More generally, fracturing this case into three separate lawsuits would be inefficient, and would not advance the objectives of convenience, judicial economy, expediting resolution of disputes and eliminating unnecessary litigation. *See, e.g., Bollea v. Clem*, 937 F. Supp.2d 1344, 1351 (M.D. Fla. 2013) ("Joinder rules … are construed generously towards entertaining the broadest possible scope of action consistent with fairness of the parties.") (citation and internal quotation marks omitted); *Blount v. U.S. Security Associates*, 930 F. Supp.2d 191, 193 (D.D.C.

---

[1]     *See, e.g., Alexander*, 207 F.3d at 1323 (for purposes of Rule 20(a), "'[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.") (citation omitted); *Spaeth v. Michigan State University College of Law*, 845 F. Supp.2d 48, 54 (D.D.C. 2012) ("when determining whether employment discrimination claims raise common questions of law or fact for purposes of permissive joinder, courts often consider the circumstances surrounding the [] claims, including the people involved, the location, the time frame, and the defendant's pattern of behavior") (citations and internal quotation marks omitted); *Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 11 (D.D.C. 2004) ("where multiple plaintiffs bring suit for employment discrimination alleging a pattern of discriminatory behavior a broad variation of circumstances relating to the merits of individual performance of each of the plaintiffs will not nullify a common question of fact") (citations and internal quotation marks omitted).

2013) ("the requirements for permissive joinder are to be liberally construed in the interest of convenience and judicial economy") (citation and internal quotation marks omitted); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011) (observing that Rule 20(a) test is "flexible" and that "courts are encouraged to seek the broadest possible scope of action consistent with fairness to the parties") (citation and internal quotation marks omitted). Multiplying this singular lawsuit into three would not serve any constructive purpose and would not protect Daphne Utilities from prejudice to any greater extent than the more moderate option of bifurcation under Rule 42(b), as discussed *infra*. By contrast, it would likely require overlapping discovery in triplicate and similar motion practice to be conducted by the same lawyers thrice. The Court exercises its discretion not to sever this action pursuant to Rule 21, Fed.R.Civ.P.[2] Rather, all three plaintiffs' claims will remain joined in this action.

In the alternative, Daphne Utilities requests separate trials for each plaintiff pursuant to Rule 42(b). That rule provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims." Rule 42(b), Fed.R.Civ.P. "Among the pertinent considerations are the degree of difference between the issues to be tried separately, the overlap or lack thereof in the proof, and any prejudice to either side." *Chevron Corp. v. Donziger*, 800 F. Supp.2d 484, 491 (S.D.N.Y. 2011); *see also Sterling Const. Management, LLC v. Steadfast Ins. Co.*, 280 F.R.D. 576 (D. Colo. 2011) (in Rule 42(b) context, "[a] paramount consideration at all times in the administration of justice is a fair and impartial trial to all litigants") (citation omitted). As noted, plaintiffs do not object to the birfucation of their claims for trial. Additionally, Daphne Utilities has made a persuasive

---

[2]      Splintering this case into three at this juncture would be inefficient and inadvisable for another reason, as well. This action is already four and a half months old. Responsive pleadings have been filed, the parties have conducted their Rule 26(f) planning meeting and submitted the accompanying report, and Magistrate Judge Cassady has entered a Rule 16(b) Scheduling Order (doc. 15) that provides for unified discovery proceedings based on the parties' agreed discovery plan. In other words, this case is already well on its way in its present configuration. The parties agreed on – and Judge Cassady implemented – a discovery plan that would allow discovery relating to all three plaintiffs' claims contemporaneously in the same litigation. To unravel that work now and create three separate lawsuits with three separate Scheduling Orders and discovery plans would be enormously inefficient, and would multiply and delay these proceedings unnecessarily, all at a substantial burden to litigant and judicial resources alike.

showing of prejudice "if evidence of other instances of alleged discrimination are presented to the jury on each Plaintiffs' [*sic*] claim." (Doc. 13, at 8.) There is, of course, a risk "that one or two plaintiff's [*sic*] unique circumstances could bias the jury against defendant generally, thus prejudicing defendant with respect to the other plaintiffs' claims." *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 790 (N.D. Ga. 1994). And because each plaintiff's claims involve a distinct set of facts and witnesses (tailored to that plaintiff's specific circumstances), the Court expects that there would be little redundancy in evidentiary presentation from one plaintiff's trial to the next. Further, bifurcating each plaintiff's claims for trial would mitigate the risk of jury confusion that may arise from presentation of disparate facts concerning the distinct claims of each of three different plaintiffs, all lumped together in the same trial. Accordingly, in the interests of efficiency and the fair administration of justice, defendant's Motion to Separate for Trial is **granted**.

For all of the foregoing reasons, Defendant's Motion to Sever or Separate for Trial (doc. 12) is **granted in part**, and **denied in part**. The Motion is **denied** insofar as defendant requests severance pursuant to Rule 21, Fed.R.Civ.P. The Motion is **granted** insofar as defendant requests bifurcation pursuant to Rule 42(b), Fed.R.Civ.P. It is **ordered** that each plaintiff's claims will be tried separately during the **May 2015** civil term. All discovery and other pretrial deadlines in this matter will remain governed by the Rule 16(b) Scheduling Order (doc. 15) entered on April 4, 2014, except insofar as they may be modified by the undersigned or by Magistrate Judge Cassady. Other than bifurcation of trial of each plaintiff's claims, this Order does not alter or adjust any provisions of that Scheduling Order.

DONE and ORDERED this 28th day of April, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE