# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **VONEKA Q. NETTLES, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 13-0605-WS-C** |
| | ) | |
| **DAPHNE UTILITIES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter comes before the Court on Defendant's Motion to Strike Jury Demand (doc. 22). The Motion has been briefed and is now ripe for disposition.

## I. Background.

Plaintiffs, Voneka Q. Nettles, Carlos Butler, and Cedric Goodloe, brought this action against defendant, Daphne Utilities, asserting claims of employment discrimination and retaliation pursuant to Title VII and 42 U.S.C. § 1981, as well as due process claims pursuant to 42 U.S.C. § 1983. The Amended Complaint (doc. 6) filed on January 10, 2014 included an unequivocal jury demand. Daphne Utilities filed an Answer (doc. 9) on February 7, 2014, purporting to enumerate nearly two dozen affirmative defenses, but saying nothing about the jury demand. A Rule 16(b) Scheduling Order (doc. 15) was entered on April 4, 2014, fixing various case management deadlines, including a discovery cutoff of November 14, 2014 and a jury trial setting of May 2015.

Of some significance to the pending Motion to Strike, Daphne Utilities filed a motion to sever each plaintiff's claims into a separate lawsuit on April 2, 2014. In support of that motion, defendant argued that "Plaintiffs' claims involve different factual scenarios, concern the actions of different supervisors, and involve events occurring on different dates. … The discrimination claims will depend on different evidence for each plaintiff." (Doc. 13, at 6-7.) On that basis, Daphne Utilities contended that the legal threshold under Rule 20(a), Fed.R.Civ.P., for joinder of parties was not met. Defendant further reasoned that the interests of judicial economy would be

disserved by trying the three plaintiffs' claims together because the underlying facts and evidence concerning each plaintiff's case were different. (Doc. 13, at 8.) In a single paragraph of its nine-page supporting brief, Daphne Utilities alleged that it would incur prejudice "if evidence of other instances of alleged discrimination are **presented to the jury** on each Plaintiffs' [*sic*] claim." (*Id.* (emphasis added).) Based on these arguments, Daphne Utilities requested that each plaintiff be required to prosecute his or her claims in a separate lawsuit or, alternatively, that each plaintiff's claims be tried separately in this lawsuit because of the differing facts and witnesses relating to each plaintiff's claims. (*Id.* at 9.) For their part, plaintiffs did not oppose Daphne Utilities' request that a separate trial be convened for each plaintiff's claims; to the contrary, plaintiffs readily acknowledged that "it is clear the claims of each plaintiff are factually distinct and do not arise from the same occurrence or series of occurrences." (Doc. 16, at 1.) On April 28, 2014, the Court entered an Order (doc. 18) declining to fracture this case into three separate lawsuits but granting defendant's unopposed request that each plaintiff's claims be tried separately, pursuant to Rule 42(b), Fed.R.Civ.P.

On June 23, 2014, Daphne Utilities filed a Motion to Strike Jury Demand with respect to plaintiffs Voneka Q. Nettles and Carlos Butler, but not plaintiff Cedric Goodloe. As grounds for the Motion to Strike, defendant relies on a one-page employee handbook agreement, separate copies of which were signed by Nettles and Butler, bearing the heading "Acknowledgement and Waiver of Right to Trial by Jury" (the "Jury Waiver"). That document includes a bold-type, all-caps paragraph reading, in pertinent part, as follows: "I acknowledge and agree that in the event I seek the involvement of a court of law, I expressly waive any and all rights to a trial by jury. Instead, I agree that if I pursue legal action in a court of competent jurisdiction, any and all matters related to my employment will be resolved by a judge." (Doc. 23, Exhs. A & B.) Defendant shows that Nettles signed her copy of this Jury Waiver on November 23, 2010, and that Butler signed his copy of the Jury Waiver on December 17, 2010. (*Id.*) Daphne Utilities now seeks to enforce these Jury Waivers against Nettles and Butler by striking their demand for a jury trial. Nettles and Butler oppose the Motion.

## II. Analysis.

As a matter of black-letter law, "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution … is preserved to the parties inviolate." Rule 38(a), Fed.R.Civ.P. Nonetheless, a civil litigant may validly waive its right to a jury trial. *See, e.g.,*

*Venture Tape Corp. v. McGills Glass Warehouse*, 540 F.3d 56, 62 (1st Cir. 2008) ("the right to a jury trial can be waived"); *Preferred RX, Inc. v. American Prescription Plan, Inc.*, 46 F.3d 535, 548 (6th Cir. 1995) ("The right to trial by jury, even though grounded in both federal and state constitutional provisions, is a right subject to waiver."). Contractual waivers of a person's right to a jury trial are routinely deemed enforceable, provided that they are knowing and voluntary. *See, e.g., Bakrac, Inc. v. Villager Franchise Systems, Inc.*, 2006 WL 41282, *3 (11th Cir. Jan. 6, 2006) ("A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary.") (citations omitted).[1]

Nettles and Butler do not suggest that the agreements they signed in Daphne Utilities' favor waiving their right to jury trial are unenforceable. They do not contend that their Jury Waivers were unknowing, involuntary or otherwise invalid. They do not assert that the waiver terms were inconspicuous, that they lacked bargaining power with Daphne Utilities, that they were unsophisticated and did not understand what they were signing, or that they were forced to sign the Jury Waivers against their will. Instead, Nettles' and Butler's sole objection to defendant's Motion to Strike Jury Demand relates to the timing of the Motion, with plaintiffs complaining that defendant waited "over six months after being served with the complaint[]." (Doc. 27, at 1.)

To the extent that Nettles and Butler balk that Daphne Utilities should not be permitted to challenge their jury demand "at this late stage of the case" (doc. 27, at 2), their objection is not well-taken. After all, numerous courts have concluded that a defendant may move to strike a jury demand at any time, even late in the lifespan of a lawsuit. *See, e.g., Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226-27 (3rd Cir. 2007) (concluding that "a party may file a motion to strike a jury demand at any time under Rule 39(a)," and finding that defendant's motion was not untimely even though it was filed three years after plaintiff made jury demand);

---

[1]        *See also New Skies Satellites, B.V. v. Home2US Communications, Inc.*, --- F. Supp.2d ----, 2014 WL 1292218, *12 (D.N.J. Mar. 28, 2014) ("To be valid, a contractual waiver of the right to a jury must be voluntary and knowing."); *Avants v. Prospect Mortg., LLC*, 987 F. Supp.2d 1218, 1221 (D.N.M. 2013) ("Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy. … Jury waiver provisions are enforceable if they are knowing and voluntary.") (citations omitted); *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp.2d 1291, 1294 (M.D. Fla. 2012) ("it is beyond dispute that a party may waive his right to a jury trial so long as the waiver is knowing and voluntary").

*Mowbray v. Zumot*, 536 F. Supp.2d 617, 621 (D. Md. 2008) ("it is well-established that a party (or the Court on its own initiative) may move to strike a jury demand at any time, even on the eve of trial"); *Jones-Hailey v. Corporation of Tennessee Valley Authority*, 660 F. Supp. 551, 553 (E.D. Tenn. 1987) (explaining that applicable rule "contains no time limit within which [defendant] was required to object to [plaintiff's] jury demand"); *Shaw v. Prudential Ins. Co. of America*, 2012 WL 432874, *7 (W.D. Mo. Feb. 9, 2012) ("A motion to strike a jury demand can be made at any time."); *Acciard v. Whitney*, 2011 WL 4902972, *3 (M.D. Fla. Oct. 13, 2011) (rejecting notion "that a party automatically waives the right to enforce a jury trial waiver after exhibiting specific conduct or waiting for a defined amount of time"). Besides, it is not accurate to say that Daphne Utilities filed its Motion to Strike at a "late stage" of these proceedings. The discovery cutoff is more than three months away, and the May 2015 trial setting is barely perceptible on the horizon at this time. To the extent, then, that plaintiffs rely on a laches / excessive delay theory, their opposition to the Motion to Strike Jury Demand is meritless.

Nettles and Butler classify their objection as arising under the doctrine of judicial estoppel. In particular, plaintiffs point to the motion to sever, in which Daphne Utilities expressed concern that it would incur prejudice "if evidence of other instances of alleged discrimination are presented to the jury." (Doc. 27, at 1.) In plaintiffs' view, the Motion to Strike Jury Demand is inconsistent with Daphne Utilities' position on the motion to sever, which cited the potentially prejudicial impact on a jury of trying plaintiffs' claims together.

"The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (citation and internal quotation marks omitted); *see also City of Riviera Beach v. That Certain Unnamed Gray, Two Story Vessel Approximately Fifty-Seven Feet in Length*, 649 F.3d 1259, 1273 (11th Cir. 2011) ("Judicial estoppel is designed to prevent parties from making a mockery of justice by inconsistent pleadings.") (citation and internal quotation marks omitted). The decision to apply this equitable doctrine is vested in the discretion of the trial court. *See Stephens v. Tolbert*, 471 F.3d 1173, 1177 (11th Cir. 2006). In exercising that discretion, courts traditionally look at the following factors: "(1) whether a later position asserted by a party was clearly inconsistent with an earlier position; (2) whether a party succeeded in persuading a court to accept an earlier

position …; and (3) whether the party with an inconsistent position would derive an unfair advantage or impose an unfair treatment on the opposing party if not estopped." *Id.*

None of these factors favor imposition of judicial estoppel to block Daphne Utilities' Motion to Strike Jury Demand.  First, there is no clear inconsistency between defendant's position on the motion to sever and that of the current Motion.  In the motion to sever, defendant merely acknowledged the reality that, at that time, plaintiffs' claims were subject to a jury demand and the case had been set for jury trial.  Defendant neither urged the Court to accept that jury demand, nor made any representations as to its propriety.  Certainly, Daphne Utilities never agreed on the record to a jury trial or opined that a jury trial was appropriate; therefore, its present position that Nettles and Butler have waived their right to jury trial is not clearly inconsistent with its previous position.  Second, Daphne Utilities never persuaded this Court to accept an earlier position that a jury trial was warranted here, and the Court never made any findings or determinations in reliance on Daphne Utilities' earlier position.  In granting Daphne Utilities' motion to sever, the Court relied heavily on plaintiffs' acquiescence to same, not defendant's cursory mention of the possibility of jury confusion.  Nothing Daphne Utilities said or did misled the Court in the context of the motion to sever.  Third, and most importantly here, no unfair advantage would accrue to Daphne Utilities at plaintiffs' expense by allowing it to pursue its Motion to Strike Jury Demand.  Again, defendant's motion to sever the three plaintiffs' claims for trial was granted largely because plaintiffs agreed with it, not because Daphne Utilities made passing reference to the possibility of jury confusion.  Nor have Nettles and Butler shown that they would be prejudiced or disadvantaged in any way, shape or form by allowing Daphne Utilities to challenge their jury demand at this time.[2]

_____

[2]        If anything, the argument for separate trials is rendered even more compelling in a scenario where Nettles and Butler have waived their jury trial right but plaintiff Goodloe has not. Under the circumstances, conducting separate trials (as defendant requested in its earlier motion) appears to be the only reasonable means of accommodating Goodloe's right to trial by jury while enforcing the waivers by plaintiffs Nettles and Butler.  The point is that plaintiffs have not been unfairly disadvantaged by Daphne Utilities' course of conduct vis a vis plaintiffs' jury demand. Nor is plaintiffs' argument strengthened by their contention that defendant "agreed to their [jury] demand because, in its answer, it did not object, or raise the issue as an affirmative defense." (Doc. 27, at 2.)  A defendant's failure to challenge a jury demand via responsive pleading is neither required by the Federal Rules of Civil Procedure nor "clearly inconsistent" with a later Motion to Strike Jury Demand.  Nothing obligated Daphne Utilities to move to strike the jury (Continued)

In short, the Court finds that Daphne Utilities has not made a mockery of the judicial process or flip-flopped positions based on the exigencies of the moment.  As such, the doctrine of judicial estoppel has no application here.  Plaintiffs having agreed to separate trials, and those trials being more than nine months away, there is nothing prejudicial, unfair or unjust about Daphne Utilities' conduct in filing the Motion to Strike Jury Demand at this time.

**III.    Conclusion.**

Defendant has shown that plaintiffs Voneka Q. Nettles and Carlos Butler knowingly and voluntarily waived their Seventh Amendment right to trial by jury as to their claims against Daphne Utilities.  Plaintiffs have not challenged the validity of those waivers, and their reliance on the doctrine of judicial estoppel is unavailing.  Accordingly, the Motion to Strike Jury Demand (doc. 22) is **granted**.  The jury demand articulated by plaintiffs Nettles and Butler is **stricken** from the pleadings, and their claims will proceed to **non-jury trial** in the May 2015 civil term.  Plaintiff Cedric Goodloe's jury demand remains in full force and effect as to his claims against Daphne Utilities, and those claims remain set for jury trial in the May 2015 civil term.

DONE and ORDERED this 5th day of August, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

demand in its initial pleading or forever hold its peace; therefore, defendant's silence at that juncture cannot give rise to a persuasive argument that it is judicially estopped from filing its Motion now.