**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **VONEKA Q. NETTLES, *et al.*,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION 13-0605-WS-C** |
| | ) |
| **DAPHNE UTILITIES,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

This matter comes before the Court on Plaintiffs' Motion for Leave to Amend Complaint (doc. 100).

Plaintiffs, Voneka Nettles, Cedric Goodloe and Carlos Butler, brought this action against defendant, Daphne Utilities, alleging various claims of race discrimination and retaliation. In their Amended Complaint filed back on January 10, 2014, plaintiffs indicated in Counts II, IV, V, VI and VII that they were stating claims for violation of, among other things, "the Due Process Clause of the 14th Amendment to the United States Constitution." (Doc. 6, ¶¶ 50, 52-55.) On numerous occasions during and after discovery in this litigation, plaintiffs and their lawyer stated on the record that these references to the Due Process Clause were erroneous and that they intended to assert claims under the Equal Protection Clause instead. (*See* doc. 113, at ¶¶ 3-7.) However, plaintiffs did not timely move to amend their pleading to correct the error within the time frame specified in the applicable Rule 16(b) Scheduling Order (doc. 15). Consequently, Daphne Utilities devoted a significant chunk of briefing on its three Motions for Summary Judgment to explaining why it believed plaintiffs' Due Process claims were not legally viable, while also addressing the Equal Protection angle in an abundance of caution.

On February 18, 2015, nearly nine months after the court-ordered deadline for motions to amend pleadings and six weeks after defendant had filed its Motions for Summary Judgment, plaintiffs moved to amend their Complaint for the sole purpose of correcting the erroneous references to the Due Process Clause and replacing them with references to the Equal Protection Clause. Plaintiffs have not demonstrated the requisite good cause under Rule 16(b)(4),

Fed.R.Civ.P., for amending pleadings following expiration of a scheduling order deadline. *See, e.g., Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) ("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed.R.Civ.P. 16(b)."); *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3rd Cir. 2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due diligence.").  Nonetheless, Daphne Utilities has not advanced any objection to plaintiffs' Motion insofar as it would merely substitute the phrase "Equal Protection Clause" for "Due Process Clause" in the Complaint.  Nor would any prejudice accrue to any party by virtue of this amendment; to the contrary, the summary judgment briefing incorporates both Due Process and Equal Protection arguments, with no party suggesting that the analysis of plaintiffs' race discrimination claims would be any different under the Equal Protection Clause than it is under Section 1981, Title VII and the like.

Under these unusual circumstances, and given that the parties have been operating on the express understanding for more than six months that plaintiffs intended to proceed under the Equal Protection Clause rather than the Due Process Clause, the Motion for Leave to Amend Complaint (doc. 100) is **granted**, and the proposed Second Amended Complaint appended to such motion will be viewed as plaintiffs' operative pleading henceforth.  In the interests of efficiency (and because the three summary judgment orders entered contemporaneously with this Order adjudicate many of these claims), the Court will not require plaintiffs to file their proposed Second Amended Complaint as a separate document in the court file, nor will it require Daphne Utilities to file an answer to same; instead, the court file will reflect that Daphne Utilities denies liability for plaintiffs' claims brought under the Equal Protection Clause just as it does under the remaining statutory provisions.

DONE and ORDERED this 24th day of March, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE